ABRAHAM GLASNER, Doing Business as NORTH AMERICAN HOUSE AND WINDOW CLEANING COMPANY, Appellant, *v.* REGINA N. BRESSLER, Individually and Doing Business as AMERICAN WINDOW CLEANING COMPANY and as Administratrix of the Estate of SIMON A. BRESSLER, Deceased, Respondent.

Argued June 1, 1939; decided July 11, 1939.

*Samuel Hart* for appellant.

*Albert B. Schanzer* and *Bernard S. Levine* for respondent.

RIPPEY, J.   This action is based upon the alleged breach by defendant of a contract between the parties made as an incident to their membership in The Accident Prevention and Safety League, Inc., a mutual welfare organization, all of whose members are signatories thereto, wherein it is provided " that the customers of each constituent member have a monetary value by way of good-will and that there is a definite market in the trade for the purchase and sale of such customers' account " and that " it is further agreed by and between all of the members of the League that they will not, during the term of this agreement, take any customer or customers belonging to any other member of the League," etc.   It is alleged that the defendant solicited and procured customers in the window cleaning business which belonged to the plaintiff and intended to continue the practice.   An injunction was sought with damages for the breach.   Defendant counterclaimed on the ground that plaintiff had procured, in violation of his obligation, customers belonging to her and demanded relief similar to that which plaintiff sought: Special Term made findings and awarded judgment in favor of the plaintiff, granting an injunction and awarding damages, and dismissed the counterclaim.   Upon appeal, the Appellate Division, by a divided court, reversed the findings and judgment of the Special Term, made new findings, dismissed the complaint and awarded judgment to the defendant upon the counterclaim.   We are to review the

facts as found by the Appellate Division and ascertain whether they are sustained by the weight of the evidence. (*York Mortgage Corp.* v. *Clotar Construction Corp.*, 254 N. Y. 128, 134.) Decision of the issues involved requires a determination as to which party, if either, illegally procured customers belonging to the other.

Up to 1931 plaintiff was engaged in the window cleaning business under the trade name and style of " North American House and Window Cleaning Company " and defendant's husband, now deceased, was doing business under the name of " American Window Cleaning Company." They then organized the Gramercy House and Window Cleaning Corporation and, in consideration of the issuance to each of one hundred shares of the capital stock thereof, they transferred to the corporation " all of the good will, assets, fixtures, routes, machinery, customers, accounts receivable of the window cleaning businesses owned by us and known respectively as, North American House and Window Cleaning Company, and, American Window Cleaning Company, " except that " it is understood however that the trade names filed by us individually such as North American House and Window Cleaning Company and American Window Cleaning Company are to remain our respective individual property, but, however, we are to refrain from using the said names, and entering into competition with the corporation until such a time when the corporation is no longer engaged in business." Thereafter the two men owned all of the stock of the corporation and each received equal salaries and equal dividends. Their respective bank accounts were transferred to the corporation. It was determined that the monetary value of Bressler's customers exceeded the monetary value of Glasner's customers by the sum of $625 and that sum was paid by the latter to Bressler. The two businesses were carried on as a corporate business until the death of Bressler, which occurred on March 8, 1937. Plaintiff and defendant, Bressler's widow, attempted to continue the corporate business but were unable to agree and they finally decided to divide the

business of the corporation equally between them. On March 31, 1937, they entered into an agreement whereby they agreed to be bound by the decision of four persons named therein as to a division of the business on the following basis: " The division is to be equal in so far as the monetary value of the routes are concerned and in the event Regina N. Bressler can produce an agreement in writing signed by Abraham Glasner and Simon Bressler, the deceased, calling for the division of routes in the event of a dissolution in a different manner than that set forth in this agreement, then and in that event the routes are to be divided pursuant to the said other agreement." To carry out the foregoing, a division was made according to the terms of the agreement by the persons selected and named whereby the customers of the corporation and their accounts, based on the monthly income therefrom, were divided up, there being assigned to the plaintiff customers whose monthly monetary value was $942.05 and to defendant customers whose monetary value was $942.25. There still remained in the corporation as assets to satisfy claims of creditors not exceeding five hundred dollars upwards of twenty-five hundred dollars cash in bank.

Defendant sought to avoid the agreement for division of customers on the ground that defendant's signature was procured through fraud and misrepresentation. There was no evidence to sustain such a claim. Defendant was an experienced business woman and had been engaged in the particular business at hand for many years and her own attorney was present and participated in the preparation of the agreement at the time it was prepared and signed. A further attack was made upon the agreement on the ground that the defendant had produced an agreement in writing signed by the plaintiff and her late husband, calling for the division of the routes in a different manner than had been made. Defendant claimed that the agreement which she produced was that one above specified wherein she asserted that the reservation of trade names by the several parties, in the event that the corporation should

cease to do business, embraced and carried with it the customers doing business with Glasner and Bressler, respectively, at the time they transferred their businesses to the corporation. Conclusive and uncontradicted evidence was produced to the effect that defendant referred to another different written agreement at the time that she executed the agreement of March 31, 1937. No other written agreement was produced. Had her claim otherwise any merit, a simple reading of the agreement first above mentioned between Glasner and Bressler, which was plain and unambiguous, clearly indicates that, in the event the corporation ceased to do business, the trade names only were to be retained by the individuals theretofore owning and using them.

After careful and full examination of the record we are satisfied that the division of customers was made in accordance with the agreement between the parties. It is part of the customers assigned upon that division to the plaintiff which the defendant concededly solicited and procured. The plaintiff was entitled to the benefit of his agreement made with the defendant on April 8, 1937, when the parties signed the contract above referred to provided by The Accident Prevention and Safety League, Inc., and to an injunction restraining the violation thereof. The Special Term referred the question to an official referee to report on damages; he fixed the amount of damages properly to be awarded and his report was confirmed. There was ample evidence to sustain his report and we are unable to find that he adopted any incorrect rule in fixing the amount. No question was raised by the Appellate Division as to the amount or as to the propriety of money damages if plaintiff was entitled to recovery at all. We think the weight of the evidence sustains the findings of the Special Term.

In view of our opinion that the parties are bound by the written instrument, which is clear and unambiguous in its terms, and to the division of customers in the manner provided and agreed to, it is unnecessary to consider other

questions which have been raised upon the appeal. The division was voluntary and as between the parties it is immaterial that usual proceedings for dissolution of the corporation were not followed.

The judgment of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division. (See 281 N. Y. 673.)

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN and FINCH, JJ., concur; O'BRIEN, J., taking no part.

Judgment accordingly.